Although I agree with the judgment and opinion of the majority, I write separately to emphasis the following point.
In rejecting appellant's argument that his trial attorney was ineffective for stipulating that the victim in this case suffered "serious physical harm," the majority correctly concludes that it was impossible to determine from the evidence which blow to the victim's head caused what damage. As a result, the severity of the damage appellant allegedly caused was immaterial because those who participated in the assault "contributed jointly in the harm the victim suffered."
As this is a criminal case, I believe it would be more accurate to phrase our holding in terms of accomplice/principal liability, rather than joint and several liability. R.C. 2923.03(F) provides that an accomplice to the commission of an offense shall be prosecuted and punished as if he were the principal offender. Accordingly, even if appellant could somehow prove that his actions did not cause the victim "serious physical harm," he would still be just as culpable if, as the juvenile court obviously found, appellant participated in the assault. See, e.g., State v. McCoy
(June 13, 2000), 10th Dist. No. 99AP-847, 2000 WL 756933, at 6 (holding that the state did not have to prove that the defendant personally struck each of the three victims because his participation in the general assault was sufficient to sustain a conviction on felonious assault on all three counts).